UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM JAMES,

                Plaintiff,

                -v-

KILOLO KIJAKAZI,
Commissioner of Social Security,[1]

                Defendant.

No. 17-CV-6023 (KMK)

ORDER ADOPTING
REPORT & RECOMMENDATION

KENNETH M. KARAS, District Judge:

    William James ("Plaintiff") brings this Action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant"), which denied his application for Supplemental Security Income payments. (Dkt. No. 1.) Plaintiff and the Commissioner filed cross-motions for judgment on the pleadings on March 2 and August 15, 2018, respectively. (Dkt. Nos. 9, 17.)

    On September 13, 2018, Plaintiff filed a supplemental letter, arguing that the case should be remanded on the ground that the administrative law judge ("ALJ") from the Social Security Administration ("SSA") who conducted the hearing and issued the agency decision was not properly appointed in accordance with the Constitution. (Dkt. No. 20.) Plaintiff's argument was based on the Supreme Court's June 21, 2018 decision in *Lucia v. SEC*, 138 S. Ct. 2044 (2018), (*see* Dkt. No. 20), in which the Court held that ALJs of the Securities and Exchange Commission constitute "Officers of the United States" subject to the Appointments Clause of the Constitution, Art. II, § 2, cl. 2. *Lucia*, 138 S. Ct. at 2055. Under the Appointments Clause, "only the

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted for former Commissioner Andrew Saul, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

President, 'Courts of Law,' or 'Heads of Departments' can appoint [such] 'Officers.'" *Id.* at 2050 (citation omitted). Plaintiff invoked *Lucia* as well as a July 2018 memorandum issued by the United States Solicitor General, who opined that "*Lucia* applies to ALJs from other agencies, including those that are part of the [SSA]." (Dkt. No. 20.) Plaintiff argued that remand was necessary because his case had been "decided by an ALJ who was not constitutionally appointed at the time of the decision in [his] case." (*Id.*) In response to Plaintiff's letter, the Commissioner argued that Plaintiff had waived any challenge under the Appointments Clause because his objection was not made when the case was pending before the agency. (Dkt. No. 24.) The Commissioner acknowledged, however, that "much of the reasoning of *Lucia* applies with equal force" to ALJs of the SSA. (*Id.*)

Initially referred to the Honorable Lisa M. Smith on August 16, 2017, (Dkt. No. 6), this case was reassigned to the Honorable Andrew E. Krause ("Judge Krause") on October 16, 2020, (*see* Dkt. (entry for Oct. 16, 2020)). On April 22, 2021, the Supreme Court decided *Carr v. Saul*, 141 S. Ct. 1352 (2021). "Like the SEC ALJs at issue in *Lucia*, [the] SSA ALJs [in *Carr*] had been selected by lower level staff rather than appointed by the head of the agency." *Id.* at 1357. In *Carr*, as in the instant case, "[t]he Commissioner did not dispute that the ALJs who decided petitioners' cases were unconstitutionally appointed, but contended instead that petitioners had forfeited their Appointments Clause challenges by failing to raise them before the agency." *Id.* The Supreme Court rejected that argument, explaining that "the inquisitorial features of SSA ALJ proceedings, the constitutional character of petitioners' claims, and the unavailability of any remedy make clear that 'adversarial development' of the Appointments Clause issue 'simply [did] not exist' (and could not exist) in petitioners' ALJ proceedings." *Id.* at 1362 (brackets in

2

original).  The Supreme Court therefore held that lower courts had "erred in imposing an issue-exhaustion requirement on petitioners' Appointments Clause claims." *Id.*

On April 29, 2021, Judge Krause issued his Report and Recommendation ("R&R") in the instant matter.  (*See generally* R&R (Dkt. No. 29).)  Relying on *Carr*, Judge Krause concluded that although Plaintiff first raised his Appointments Clause challenge before this Court, he had "properly and timely objected to the proceedings conducted by the SSA ALJ . . . on the ground that the ALJ was not properly appointed pursuant to the U.S. Constitution at the time of the hearing and decision."  (R&R 3–4.)  Furthermore, although *Carr* "did not address the question of what should happen to any of the underlying matters upon remand to the SSA," Judge Krause noted that, in *Lucia*, the Supreme Court

> concluded not only that the appropriate remedy for an adjudication tainted with an appointments violation is a new hearing before a properly appointed official, but also that the remanded case must be heard by an ALJ other than the one who originally presided over the matter, even if he has by now received (or receives sometime in the future) a constitutional appointment.

(*Id.* at 4 (citation and quotation marks omitted).)  Judge Krause reasoned that although the ALJ adjudication process at the SSA differs "considerably" from that at the SEC, the principle articulated in *Lucia* "remains the same: the ALJ who previously heard and decided Plaintiff's case . . . cannot be expected to consider the matter as though it had not been adjudicated before, and the matter therefore should be assigned to a different, properly appointed ALJ for review upon remand."  *Id.*  As Judge Krause noted, multiple courts in this District "have followed *Lucia* and ordered remand for a hearing before a new, properly appointed ALJ when presented with similar Appointments Clause challenges."  (*Id.* at 4–5 (gathering cases).)  Accordingly, Judge Krause recommended that this Court terminate the cross-motions for judgment on the pleadings as moot, remand the case to the Commissioner for further proceedings before a properly

appointed ALJ, and assign the case to a different ALJ than the one who previously heard Plaintiff's case and issued the original decision. (*Id.* at 5.) Judge Krause provided notice that objections to the R&R were due within 14 days. (*Id.* at 6.) No such objections were filed. (*See* Dkt.)

When no objections are filed, the Court reviews an R&R on a dispositive motion for clear error. *See Andrews v. LeClaire*, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010); *Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008). The Court has reviewed the R&R and, finding no substantive error, clear or otherwise, adopts the R&R in its entirety.

Accordingly, it is hereby

ORDERED that the Report & Recommendation, dated April 29, 2021, is adopted in its entirety.

ORDERED that the Parties' cross-motions for judgment on the pleadings are terminated as moot.

ORDERED that this case is REMANDED to the Commissioner for further proceedings before a properly appointed ALJ.

ORDERED that, upon remand, this case shall be assigned to a different ALJ than the one who previously heard and decided Plaintiff's case on the merits.

ORDERED that the Clerk of Court is respectfully directed to terminate the pending Motions, (Dkt. Nos. 9, 17), and close this case.

SO ORDERED.

Dated: July 15, 2021
       White Plains, New York

KENNETH M. KARAS
United States District Judge